In the Matter of the Claim of JACOB SMITH, Respondent, against Estate of S. D. COYKENDALL and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. Claimant was employed as captain of a coal barge on the Hudson river. After unloading his cargo, at New Hamburg, the boat remained there several days. He left the boat to get recreation and also to buy some food at the village. In going from the boat and while passing through a lumber yard he stopped, thinking he might aid one he thought was in trouble with some machinery. It does not appear that that was not the usual way from the dock to reach the village. While standing for a brief period in the lumber yard he was injured. The injury arose out of and in the course of the employment. The authorization for medical care and hospitalization was sufficient. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of KATHLEEN BOL, Respondent, against GUARANTEED SANITATION, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by an employer and insurance carrier from an award and decision of the State Industrial Board. The appellants contend that the decedent's intoxication was the sole cause of his death. The weight of medical testimony adduced at the hearing indicates that the injuries which resulted in the death of the said Harry Bol did not result solely from his intoxication while on duty. This was an unwitnessed accident. The deceased was engaged in fumigating a house and was overcome by hydrocyanic gas which was being used in the operation and the inhaling of which caused his death. Dr. Gettler, a toxicologist, testified that the finding of three and eight-tenths per cent alcohol in the brain of the decedent did not enable him to characterize the behavior of the decedent before his death. He admitted that individuals do not lose the ability to " navigate " until a percentage amounts to four plus. The decedent was operating with a gas mask and was found unconscious. Other persons who went into the house became immediately unconscious and overcome by this gas. The evidence sustains the finding of the State Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of ALICE M. MAHN and Another, Respondents, against ALCO GRAVURE, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from award of death benefits under the Workmen's Compensation Law. The deceased employee was found dead in the shaft of an elevator which he had been instructed not to use. When last seen he was in the course of his employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.